## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DEBORAH MASSENGIL,<br><br>    Plaintiff,<br><br> v.<br><br>JASON JOE JOHNSON and<br>BRAKEBUSH BROTHERS, INC.,<br><br>    Defendants.<br>────────────────────<br>JASON JOE JOHNSON and<br>BRAKEBUSH BROTHERS, INC.,<br><br>    Third-Party<br>    Plaintiffs,<br><br> v.<br><br>JOSEPHINE WOOLFOLK and<br>CHICAGO TRANSIT<br>AUTHORITY,<br><br>    Third-Party<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 19 C 5345<br>)<br>)<br>)<br>)<br>) Magistrate Judge<br>) Maria Valdez<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Deborah Massengil brought this personal injury complaint,

premised on diversity jurisdiction, against Defendants Jason Joe Johnson and

Brakebush Brothers, Inc. ("Brakebush"). Johnson and Brakebush later filed a third-

party complaint for contribution against Josephine Woolfolk and the Chicago

Transit Authority ("CTA"). Woolfolk and CTA each filed virtually identical motions

to dismiss the third-party complaint based on the statute of limitations. For the reasons that follow, CTA's Amended Motion to Dismiss [Doc. No. 26][1] and Woolfolk's Motion to Dismiss [Doc. No. 43] are granted.

## BACKGROUND

The allegations relevant to this motion are undisputed. On May 29, 2018, Plaintiff was riding as a passenger on a CTA bus after the end of her scheduled shift as a CTA bus driver. She was injured when a truck driven by Johnson and owned by Brakebush collided with the bus. She filed a complaint against Johnson and Brakebush (collectively "Third-Party Plaintiffs") on June 20, 2019, alleging negligence. On December 30, 2019, Third-Party Plaintiffs brought a complaint for contribution against Woolfolk, who was operating the bus at the time of the accident, and the CTA (collectively "Third-Party Defendants"). Third-Party Defendants then filed the present motions to dismiss, arguing that the third-party complaint against them should be dismissed as untimely in violation of the applicable statute of limitations.

## DISCUSSION

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of a complaint, not to decide the merits of a case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In determining whether to grant a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations in the

---

[1] On the same day, and without leave of Court, CTA filed a Motion to Dismiss [Doc. No. 23], an Amended Motion to Dismiss [Doc. No. 25], and another Amended Motion to Dismiss [Doc. No. 26]. The motions are substantially the same, and the Court is proceeding on the most recent filing. The previously filed motions are moot.

complaint as true and draws all reasonable inferences in the light most favorable to the plaintiff. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The parties' dispute centers on whether a one- or two-year statute of limitations applies to the third-party complaint under Illinois law. Generally, an affirmative defense of the statute of limitations is not the proper subject of a motion to dismiss, but such a motion may be entertained where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) ("Technically, one might see this as a motion for judgment on the pleadings under Rule 12(c) rather than a motion under Rule 12(b)(6), but the practical effect is the same."). A court may consider the statute of limitations at the pleading stage where "the relevant dates are set forth unambiguously in the complaint" and the continuing tort rule clearly does not apply. *See Brooks*, 578 F.3d at 579 ("'[W]here there is a single overt act from which subsequent damages may flow, the statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the injury.'") (quoting *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85

(Ill. 2003)). The Court concludes that all relevant dates are set forth in the third-party complaint, and no continuing tort is alleged, and thus the statute of limitations is properly raised in the motions to dismiss.

The third-party complaint was brought pursuant to the Illinois Contribution Act, which allows a joint tortfeasor to seek contribution against fellow joint tortfeasors who have not paid their pro rata share of common liability:

> Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them.

740 Ill. Comp. Stat. § 100/2(a).

In cases where the injured claimant has filed a lawsuit, the Illinois Code of Civil Procedure provides that the statute of limitations for contribution actions is generally two years after the party seeking contribution either (1) was served with process in the underlying action, or (2) knew or should have known of a third party's actions or omissions that would give rise to a contribution action. 735 Ill. Comp. Stat. § 5/13-204(a)-(b).

This two-year limitations period applies to all contribution actions and preempts all other statutes of limitation, with a significant qualifier that forms the basis of the parties' dispute. It applies to contribution actions "only to the extent that the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action . . . ." 735 Ill. Comp. Stat. § 5/13-204(c). Thus, if Plaintiff could not

have timely sued Woolfolk and the CTA when she filed the underlying complaint against Third-Party Plaintiffs, then the contribution action would also not be timely.

Under the Metropolitan Transit Authority Act ("MTAA"), "No civil action shall be commenced in any court against the [CTA] by any person for any injury to his person unless it is commenced within one year from the date the cause of action accrued." 70 Ill. Comp. Stat. § 3605/41. Plaintiff, the claimant in this case, could not have sued the CTA at the time she filed the underlying action, as it was filed more than one year after the accident occurred. Accordingly, Third-Party Plaintiffs' contribution action would not be timely under Illinois law. *See Bd. of Managers of Wespark Condo. Ass'n v. Neumann Homes, Inc.*, 903 N.E.2d 39, 42 (Ill. App. Ct 2009) ("The defendant cannot file a timely action for contribution or indemnity under section 13-204 unless the plaintiff in the underlying action could have, at the time it sued the defendant, filed a timely action against the parties from whom the defendant seeks contribution or indemnity.").

Third-Party Defendants submit, however, that because Plaintiff was an employee of the CTA and the injury occurred in the scope of her employment, her sole remedy was the Illinois Workers Compensation Act ("IWCA"), rather than a common law action in tort. If that were so, MTAA's one-year limitations period would not apply, and their contribution complaint would be timely under the applicable two-year statute of limitations.

5

The IWCA provides that the statutory remedy "shall be the measure of the responsibility of any employer" 820 Ill. Comp. Stat. § 305/11, and that "no common law or statutory right to recover damages from the employer, . . . for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act . . . ." 820 Ill. Comp. Stat. § 305/5(a). Although the IWCA generally bars civil actions for injuries sustained in the course of one's employment, the statute is not an absolute bar to common law liability but instead works as an affirmative defense "whose elements – the employment relationship and the nexus between the employment and the injury – must be established by the employer, and which is waived if not asserted by him in the trial court." *Doyle v. Rhodes*, 461 N.E.2d 382, 386 (Ill. 1984).

A plaintiff could obtain a civil tort judgment against an employer who does not raise the defense, either through inadvertence or strategy, and "[t]he potential for tort liability exists until the defense is established." *Id.*; *see also Meerbrey v. Marshall Field & Co., Inc.*, 564 N.E.2d 1222, 1226 (Ill. 1990) (noting that common law cause of action is not barred if it is proven, among other things, that the injury did not arise from the claimant's employment). The "exclusive" remedy provision of the IWCA therefore does not preempt the MTAA's one-year statute of limitations. Accordingly, Third-Party Plaintiff's contribution complaint against Third-Party Defendants is time-barred under 735 Ill. Comp. Stat. § 5/13-204(c).

6

## CONCLUSION

For the foregoing reasons CTA's Amended Motion to Dismiss [Doc. No. 26] and Woolfolk's Motion to Dismiss [Doc. No. 43] are granted.

SO ORDERED.                    ENTERED:

DATE:    June 1, 2020          _____
                               HON. MARIA VALDEZ
                               United States Magistrate Judge

7